UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. JORGE ALEXIS LUCERO, Defendant. | Case No.: 16-CR-3040-DMS **ORDER DENYING MOTION FOR SENTENCE MODIFICATION UNDER 18 U.S.C. § 3582(C)** |
|---|---|

On February 4, 2021, Defendant Jorge Alexis Lucero, proceeding *pro se*, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The United States filed a response in opposition, and Defendant filed a reply. For the reasons given herein, the Court denies Defendant's motion.

**I.**

**BACKGROUND**

On March 2, 2017, Defendant Lucero pled guilty to one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF Nos. 21, 23.) Defendant was sentenced to 84 months in prison, followed by three years of supervised release. (ECF No. 41.) Defendant is currently incarcerated at Federal

Correctional Institution Butner Medium I ("FCI Butner") and his projected release date is December 30, 2022. (ECF No. 45 at 2.)

Defendant is overweight, with a body mass index ("BMI") of 29, and has difficulty breathing due to a nasal obstruction. (ECF No. 43 at 2, 8.) Based on these allegations, Defendant filed the present request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (See generally *id.*) The United States opposes Defendant's motion. (ECF No. 45.)

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the Bureau of Prisons ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Here, Defendant submitted a request for compassionate release to the warden of FCI Butner, which was

denied on September 17, 2020. (ECF No 43 at 4.) Accordingly, the Court addresses the merits of Defendant's motion.

As relevant here, the FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a sentence reduction and the reduction complies with the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Further, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The relevant policy statement, United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 requires the court to find the defendant "is not a danger to the safety of any other person or to the community."[1] Defendant contends he meets the foregoing criteria. As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Defendant asserts he is eligible for compassionate release because his health conditions—his BMI and his nasal airway obstruction—make him particularly susceptible to COVID-19 in a custodial setting. The Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers from, among other conditions, "a serious physical or mental condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

Some courts have held that district courts have discretion to determine "extraordinary and compelling reasons" for the purpose of compassionate release because U.S.S.G. § 1B1.13 is not binding on district courts. *See, e.g.*, *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020). The Ninth Circuit has yet to rule on this issue. Even if this Court

---

[1] Even if U.S.S.G. § 1B1.13 does not apply to district courts' consideration of compassionate release motions, the court must nonetheless consider dangerousness as part of the § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(2)(C) (sentence must be sufficient to "protect the public from further crimes of the defendant").

were to follow the reasoning in *Brooker* and similar cases, Defendant fails to establish "extraordinary and compelling reasons" warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

The United States contends Defendant's health conditions do not rise to the level of "extraordinary and compelling reasons." The Centers for Disease Control and Prevention ("CDC") states that being "[o]verweight (defined as a body mass index (BMI) > 25 kg/m2 but < 30 kg/m2), . . . can make you more likely to get severely ill from COVID-19," but notes "the risk of severe COVID-19 illness increases sharply with elevated BMI." *COVID-19: People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 5, 2021). The United States argues that Defendant's BMI of 29 is on the low end of this range and thus that he is not at a high risk of severe illness from COVID-19.

The Court agrees with the United States. "Grants of compassionate release based on obesity alone appear to be exceedingly rare," and recently, "the Southern District has strongly suggested that obesity alone is insufficient to warrant compassionate release." *United States v. Ruiz*, No. 19-cr-1285-GPC, 2021 U.S. Dist. LEXIS 53588, at *12 (S.D. Cal. Mar. 22, 2021) (citing cases). The Court is not persuaded that Defendant's BMI of 29 alone is sufficient to establish "extraordinary and compelling reasons" for compassionate release. *See id.* at *12–13 (finding BMI of 31.3 does not qualify as extraordinary and compelling reason justifying his release, and noting that risk for severe COVID-19 illness "is far greater as one's BMI approaches 40"). Defendant additionally points to his deviated nasal septum as grounds for release, but the CDC does not list this condition as one that increases an individual's risk of severe illness from COVID-19, and Defendant does not otherwise explain how this condition constitutes "extraordinary and compelling reasons."

On balance, the Court finds Defendant has not met his burden to demonstrate that his medical conditions are "extraordinary and compelling reasons" which warrant release, especially when vaccination against COVID-19 is underway at Defendant's correctional

complex.[2] Even assuming Defendant could establish "extraordinary and compelling reasons," the sentencing factors set forth in 18 U.S.C. § 3553(a) factors do not support his release.[3]

### III.

### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is respectfully denied.

**IT IS SO ORDERED.**

Dated: April 7, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[2] As of April 5, 2021, 1801 inmates at the Butner complex, which includes Defendant's facility, have been fully vaccinated against COVID-19, and there were no inmates and two staff members with positive cases of COVID-19 at FCI Butner Medium I. COVID-19: Coronavirus, BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited April 5, 2021.)

[3] In assessing the § 3553(a) factors, the Court credits Defendant's participation in programs and classes while in custody, but finds this does not offset his criminal history and the dangerous conduct underlying his conviction. Defendant's criminal history includes a conviction for kidnapping with a gang enhancement and multiple convictions for unlawfully possessing a firearm. (Amended Pre-Sentence Report, ECF No. 34, ¶¶ 47–51.) In October 2018, Defendant was also involved in an assault on another inmate while in custody, which further weighs against release. (ECF No. 45-1.)